UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Anthony J. Cisternino,** | ) | CASE NO. 1:23 CV 2448 |
| | ) | |
| **Plaintiff,** | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Human Services,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Anthony J. Cisternino filed this action against Human Services. Plaintiff's Complaint contains no factual allegations, legal claims, or prayer for relief. Plaintiff filed a Supplement to his Complaint on December 29, 2023. The Supplement is incomprehensible. He appears to allege that people are accessing his accounts and obtaining his benefits without his consent. He claims there are trackers on his phone. He attaches documents from probate court that are dated 1971 and 1972 and documents from an estate probated in 1988

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

1

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

To meet the minimum pleading requirements, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint and Supplement do not contain coherent factual allegations, discernable legal claims against this Defendant or an indication of the relief he would like

2

from this Court. The Complaint does not meet the minimum pleading requirements of Federal Civil Procedure Rule 8.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 3/12/2024

 s/*Pamela A. Barker*  
PAMELA A. BARKER  
U. S. DISTRICT JUDGE